# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | : CIVIL ACTION NO. 17-CV-1352 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| NARCISO ALEJANDRO RODRIGUEZ-CAYRO, | : |
| Defendant | : |

## MEMORANDUM

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed the instant declaratory judgment action against defendant Narciso Alejandro Rodriguez-Cayro ("Narciso") seeking a declaration that it has no obligation to defend or indemnify Narciso. State Farm moves for judgment on the pleadings. (Doc. 14). We will grant the motion.

### I.    Factual Background & Procedural History

Underlying this action is a lawsuit filed by Kyli Rodriguez-Cayro ("Kyli") against her father, Narciso. In that suit, Kyli alleges intentional and negligent sexual abuse of a child, battery, assault, and intentional and negligent infliction of emotional distress. (Doc. 9-4 ¶¶ 42-70). Kyli asserts that throughout her childhood, Narciso repeatedly touched her breasts and buttocks in a sexual manner while in the states of Pennsylvania, New Hampshire, and Florida. (Id. ¶¶ 10-14). The complaint also alleges specific instances where Narciso pinched Kyli's nipples, hit her buttocks, forced her to kiss him on the lips, and forced the family dog to lick her genitals. (Id. ¶¶ 24-28). Kyli's parents eventually sent her to an academy in Salt

Lake City County, Utah. (Id. ¶ 14). While in Utah, Kyli avers that Narciso visited her and again sexually abused her. (Id. ¶¶ 15-23).

During the period of alleged abuse, State Farm issued homeowners, renters, and personal liability umbrella ("umbrella") policies to Narciso. (Doc. 9 ¶¶ 9-12). After Kyli sued Narciso, State Farm filed the instant complaint seeking a declaratory judgment that State Farm has no duty to defend or indemnify Narciso against Kyli's lawsuit. State Farm amended its complaint in January 2018, and Narciso filed an answer several weeks later. In April 2018, State Farm moved for judgment on the pleadings. Although Narciso has been directed to respond, to date he has filed only a single-page reply regarding a recent hospitalization. He has not requested an extension of time and provides little to no rebuttal to State Farm's motion. The motion is ripe for review.

## II. Legal Standard

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc., 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); see 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND

PROCEDURE § 1368 (3d ed. 2015).[1] A Rule 12(c) motion for judgment on the pleadings is decided under the same standard applicable to a Rule 12(b)(6) motion to dismiss. Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a

---

[1] We acknowledge that Narciso denies allegations or claims lack of knowledge at several points in his answer. (See generally Doc. 11). However, disputes must be as to *material* issues of fact. Sikirica, 416 F.3d at 220. Narciso only denies the allegations in the underlying complaint and claims lack of knowledge as to certain provisions of the insurance policies, (Doc. 11 ¶¶ 15-100), which are reproduced in the amended complaint, (see Docs. 9-1, 9-2, 9-3). Such responses do not create a dispute as to any material facts in the declaratory judgment action.

3

claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

State Farm provides a litany of reasons why it is not required to defend or indemnify Narciso. State Farm asserts that there was no occurrence under the homeowners and renters policies (Count I), there was no loss under the umbrella policies (Count II), there was no personal injury under the umbrella policies (Count III), there is an exclusion for intentional acts under all policies (Count IV), the umbrella policies contain a specific exclusion for acts by the insured performed with specific intent to cause harm (Count V), the umbrella policies contain an exclusion for claims of alleged or actual sexual molestation by the insured (Count VI), the policies do not cover suits between insureds (Count VII), and there is no coverage for punitive damages under any of the policies (Count VIII). (Doc. 9 ¶¶ 41-95). Many of State Farm's arguments have merit. We will focus on the occurrence under the homeowners and renters policies and the loss under the umbrella policies because resolution of these issues is dispositive.

4

This declaratory action turns on whether the homeowners, renters, or umbrella policies issued by State Farm include coverage for the underlying lawsuit against Narciso. The court is charged with interpreting the insurance policy to determine the existence or absence of coverage. Donegal Mut. Ins. Co. v. Baumhammers, 938 A.2d 286, 290 (Pa. 2007).[2] The intent of the parties is discerned from the clear and unambiguous language of the written instrument. Id. An insurer's duty to defend or indemnify an insured in a suit brought by a third party "depends upon a determination of whether the third party's complaint triggers coverage." Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006) (quoting Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999)). That duty is determined *solely* by the language and allegations of the underlying complaint. Id. (citing Wilson v. Md. Cas. Co., 105 A.2d 304, 307 (Pa. 1954)). Because the insurer's duty to defend is broader than its duty to indemnify the insured, a finding that there is no duty to defend a suit will also

---

[2] The parties do not directly address what state law applies even though the alleged instances of abuse underlying Kyli's complaint occurred in multiple different states. We find that Pennsylvania law applies. When a federal court's jurisdiction is based on diversity, as is the case here, the choice of law rules of the forum state apply. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Pennsylvania follows the Restatement (Second) of Conflict of Laws and applies a flexible rule which looks to the contract of insurance, not the underlying tort, and allows the law of the state with the "most interest in the problem" to prevail. Hammersmith v. TIG Ins. Co., 480 F.3d 220, 222 (3d Cir. 2007); Budtel Assocs., LP v. Cont'l Cas. Co., 915 A.2d 640, 643 (Pa. Super. Ct. 2006). Under the Restatement, the validity and rights of the contract "are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless . . . some other state has a more significant relationship . . . to the transaction and the parties." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 193 (AM. LAW INST. 1977). The principal place of insured risk in the matter *sub judice* was in Pennsylvania where Narciso resided. (See Doc. 9 ¶ 5).

preclude a duty to indemnify.  Id. at n.7; see also Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997); Scopel v. Donegal Mut. Ins. Co., 698 A.2d 602, 605 (Pa. Super. Ct. 1997).

Both the homeowners and renters policies contain language indicating that coverage is provided "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage . . . caused by an occurrence." (Doc. 9-1 at 14; Doc. 9-2 at 12).  Under both policies, an "occurrence" is defined as "an *accident*, including exposure to conditions which results in bodily injury; or property damage; during the policy period."  (Doc. 9-1 at 2 (emphasis added); Doc. 9-2 at 2 (same)).  The umbrella policies provide coverage "[i]f a claim is made or suit is brought against an insured for damages because of a loss for which the insured is legally liable . . . ."  (Doc. 9-3 at 6).  The term "loss" is defined as "an *accident*, including accidental exposure to conditions, which first results in bodily injury or property damage" or "the commission of an offense which first results in personal injury during the policy period."[3]  (Id. at 2 (emphasis added)).  Simply put, to be covered under the homeowners, renters, or umbrella policies, the factual allegations in the underlying complaint must involve an "accident" resulting in bodily injury or property damage.

---

[3] The umbrella policies define personal injury as "injury other than bodily injury arising out of one or more of the following offenses: false arrest, false imprisonment, wrongful eviction, wrongful detention of a person; abuse of process, malicious prosecution; libel, slander, defamation of character; or invasion of a person's right of private occupancy by physically entering into the person's personal residence."  (Doc. 9-3 at 2).  Clearly, the allegations against Narciso in Kyli's complaint do not qualify as "personal injury."

The term "accident" is not further defined in the policies. When "accident" is not defined in an insurance policy, the Pennsylvania Supreme Court treats the term as referring to "an unexpected and undesirable event occurring unintentionally[.]" Baumhammers, 938 A.2d at 292. Pennsylvania's highest court has also described an accident as "merely an unanticipated event; it is something which occurs not as the result of natural routine but as the culmination of forces working without design, coordination or plan." Brenneman v. St. Paul Fire & Marine Ins. Co., 192 A.2d 745, 747 (Pa. 1963). The Third Circuit has likewise explained that whether the incident is an accident depends on the degree of foreseeability and the state of mind of the actor. State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 111 (3d Cir. 2009) (applying Pennsylvania law). Because the question is whether State Farm owes a duty to defend or indemnify Narciso, the events must be analyzed from his perspective and not that of Kyli. State Farm Fire & Cas. Co. v. A.S., No. 16-CV-35, 2016 WL 7451631, at *5 (W.D. Pa. Dec. 28, 2016) (citing Estate of Mehlman, 589 F.3d at 111).

Intentional acts, such as the sexual assault alleged in Kyli's complaint, are not accidents. A.S., 2016 WL 7451631, at *5; see also Gene's Rest., Inc., v. Nationwide Ins. Co., 548 A.2d 246, 247 (Pa. 1988). The underlying complaint avers that Narciso intentionally sexually assaulted Kyli in various ways. (Doc. 9-4 ¶¶ 10-28). None of the allegations suggests that these acts were "accidents" as defined by Pennsylvania law. The complaint also alleges negligent behavior, but additional assertions of negligence do not alter the intentional nature of the underlying conduct. Estate of Mehlman, 589 F.3d at 116; A.S., 2016 WL 7451631, at *5. Based

7

on the unambiguous language of the insurance policies and the allegations in the underlying lawsuit against Narciso, we conclude that State Farm has no duty to defend or indemnify Narciso.  See Kvaerner, 908 A.2d at 896 n.7.

## IV. Conclusion

Because there is no genuine dispute as to any material fact and because State Farm has no legal duty to defend or indemnify Narciso, we will grant State Farm's motion (Doc. 14) for judgment on the pleadings.  An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:	October 2, 2018